**UNITED STATES of America, Plaintiff,**

v.

**Erica L. GIVENS, Defendant.**

**No. 04–CR–6057L.**

United States District Court, W.D. New York.

July 6, 2005.

Richard A. Resnick, U.S. Attorney's Office, Rochester, NY, for Plaintiff.

Donald M. Thompson, Rochester, NY, for Defendant.

*DECISION AND ORDER*

LARIMER, District Judge.

On August 27, 2004, I sentenced the defendant, Erica L. Givens, principally to 18 months imprisonment. Judgement was

entered on August 31, 2004. Givens appealed to the United States Court of Appeals for the Second Circuit, but the case was remanded by the Court of Appeals on April 7, 2005 for this Court to consider whether to resentence Givens pursuant to principles enunciated in *United States v. Crosby*, 397 F.3d 103, 118–20 (2d Cir.2005).

I directed counsel to submit sentencing memoranda on the issue and both Givens and the Government have done so.

I am familiar with the *Crosby* decision. I have reviewed the sentencing memoranda submitted by counsel, as well the pleadings submitted on the original sentencing, the transcript of the sentencing hearing on August 27, 2004, as well as my notes made at the time of sentencing.

I decline to resentence Givens. I imposed sentence at the lowest end of the Guideline range, 18 months. Were that sentence to be imposed today, subsequent to the decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), I would impose the same sentence.

Because the Government had filed a 5K.1 motion for downward departure based on the defendant's cooperation, I had ample grounds to sentence below the applicable Guideline range of 18–24 months. I declined to do that when I originally imposed sentence, and I decline to do it now. As I indicated at sentencing, the defendant has the highest criminal history category and had approximately 15 prior convictions. Defendant has a very long record of drug use and crimes relating to drug addiction and use. In this case, Givens was rearrested shortly after this Court released her. As I indicated at sentencing, were it not for the Government's 5K motion, I would have imposed an even greater sentence.

## CONCLUSION

I decline to resentence the defendant Erica Givens, and defendant's application for a resentencing in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005) is in all respects denied.

IT IS SO ORDERED.